CRISTÓBAL LAMBOY y ANTONIO PIOVANETTI, demandantes y apelantes, *v.* PLINIO IRIZARRY, demandado y apelado.

Núm. 10542.—*Sometido:* Abril 1, 1952. *Resuelto:* Abril 8, 1952.

*Vicente Pérez Díaz* y *Ángel Díaz García,* abogados de los apelantes; *César A. Montilla,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El demandado Plinio Irizarry encomendó a Cristóbal Lamboy y Antonio Piovanetti, corredores de bienes raíces, la venta de un edificio de su propiedad situado en la calle Gua-

yama de Río Piedras, por una comisión que finalmente se rebajó a $700. Sobre el edificio pesaba un gravamen hipotecario a favor de Víctor Manuel Fernández por la suma de $32,000. Lamboy y Piovanetti gestionaron la venta de dicho edificio, entre otras personas, con el acreedor hipotecario, Fernández. Luego de una conferencia entre Fernández e Irizarry, en la cual Lamboy y Piovanetti estuvieron presentes, "se cerró el negocio" por la suma de $62,000. Irizarry aceptaría un crédito hipotecario por $30,000 que tenía Fernández sobre una finca situada en Isla Verde, y se daría por pagado su propio crédito hipotecario sobre el edificio.

Se llamó entonces al abogado Cornier a casa de Fernández, donde se celebraba la conferencia, encomendándosele la preparación de la escritura. Según Fernández—quien declaró como testigo de los demandantes—Cornier debería investigar en la Junta de Planificación la forma en que cierta carretera que se decía estaba en proyecto y que pasaría frente al edificio, afectaría a éste. El negocio estaba sujeto al resultado de la investigación "de parte mía [de Fernández] para contestarle al señor Irizarry."

Como Fernández tenía que salir para Estados Unidos al siguiente día, confirió poder a su padre, Trinidad Fernández, para verificar el negocio una vez se llevara a cabo por Cornier la referida investigación. Si todo iba bien, las escrituras se firmarían por conducto de su padre, a quien dejó de apoderado.

Estando en la ciudad de Nueva York le llamó Cornier, informándole el resultado de su investigación: frente al edificio pasaría una carretera que cogería toda la acera de enfrente, quedando el edificio al borde de la carretera. Fernández le indicó a Cornier que fuese a ver a su padre "y se pusiera de acuerdo con él". "En ese caso el que resolvía era el papá mío que era el que tenía el poder para hacer la venta. Yo dejaba eso a la decisión de mi papá," aun cuando

él, Fernández, hubiera comprado con ese "defecto". Él no llegó a saber qué resolvió su padre, pues le volvió a llamar Cornier para informarle que Irizarry había desistido de la venta.

Aun cuando el tribunal inferior, al declarar sin lugar la demanda, lo hizo por el fundamento de no haberse realizado *la venta* del edificio, que fué la gestión encomendada por el demandado a los demandantes, lo cierto es que el factor determinante aquí no es si la venta fué o no realizada, sino si el contrato quedó o no perfeccionado, toda vez que el negocio—aun cuando vendedor y comprador estuvieron de acuerdo en cuanto a sus condiciones—quedó pendiente de aceptación final por parte del comprador, quien encomendó a su padre —su apoderado—hacer la decisión final una vez conocido el resultado de la investigación que Cornier realizó respecto a la forma en que la carretera en proyecto afectaría el edificio.

■■ Los demandantes no produjeron prueba para establecer que el apoderado de Fernández finalmente aceptó hacer el negocio una vez conocido el resultado de la investigación. En ausencia de esa prueba, la de autos resulta insuficiente para sostener la reclamación de los demandantes, pues no se demostró que el contrato quedó *perfeccionado* con anterioridad al desistimiento de la venta por parte del demandado. Para que surgiera el derecho de los demandantes a su comisión, era necesario (1) que la venta se hubiera realizado, con lo cual el contrato de compraventa hubiera quedado consumado; o (2) que el contrato de compraventa hubiera quedado *perfeccionado*—aun sin llegarse a consumar la venta—y el mismo se hubiera rescindido voluntariamente, *Torres* v. *Arbona, Jr.*, 72 D.P.R. 769; Sentencia del Tribunal Supremo de España de 11 de junio de 1947, 19 Jurisprudencia Civil, 2da. Serie 134, o se hubiere rescindido por el comprador debido a fraude, culpa o mala fe del vendedor. *Torres* v. *Arbona, Jr.*, supra, y casos allí citados.

334

No habiendo quedado perfeccionado el contrato para la venta del edificio del demandado es obvio que las gestiones de los demandantes no dieron el resultado esperado y por lo tanto no tienen derecho a comisión. Sentencia del Tribunal Supremo de España de 2 de diciembre de 1902, 94 Jurisprudencia Civil 622; Sentencia del Tribunal Supremo de España de 5 de julio de 1946, 15 Jurisprudencia Civil, 2da. Serie 718.

*La sentencia será confirmada.*